GARDEN, JUDGE:
In January of 1973 the Alcohol Beverage Control Commission, hereinafter referred to as ABC, opened an agency in the Town of Union, West Virginia, and employed the claimant, Cecile H. Ruddell, to operate and manage the same. At the time of her employment, managers of agencies were paid on the basis of the number of bottles of alcoholic beverages that were sold during a given month, but not in excess of $300 per month or $3,600 per year. Legislation was introduced and passed during the 1973 session which increased the $3,-600 per year maximum to $6,000. With the discretion vested in him by the Legislature, the Commissioner of the ABC, J. Richard Barber, in July of 1973 revised the manner of compensating agency managers from the per bottle formula to a dollar volume of sales formula. During the months of May and June, 1974, the volume of sales at the Union agency was sufficient to entitle the claimant to a salary of $425 per month. Her salary was not paid to her for these months, and she thus presents her claim in the total amount of $850.
Commissioner Barber testified at the hearing, not for the purpose of resisting the claim, but in order to explain its non-payment. While the 1973 Legislature, as explained by the Commissioner, authorized the increases in salary for the agency managers, it failed to appropriate any funds to meet these increases in the 1973-74 fiscal budget. Realizing that this had occurred, an attempt was made to pass a special appropriation during the 1974 Legislative Session but this, likewise, was not accomplished.
As a result of the foregoing, the Commissioner on May 1, 1974, did not have sufficient funds in his personal services account to pay the salaries of the thirteen (13) agency managers for the last two *164 months of the fiscal year. The Commissioner testified that while he ended the year with an overall surplus of some $74,000.00, he was prohibited by law from transferring a portion of that surplus to his personal services account in order to pay the agency managers, and this Court agrees with this conclusion. Commissioner Barber did testify that he did have $2,538.52 in his personal services account at the close of the fiscal year 1973-74, but because this amount was insufficient to pay all agency managers in full for the last two months of the fiscal year, he included the same in his $74,000.00 surplus and returned it to the State Treasury.
We believe that the case of Airkem Sales & Service vs. Department of Mental Health, 8 Ct. Cl. 180, is controlling here. In Airkem, the Department of Mental Health had purchased or contracted for supplies, expendable commodities or services in excess of the amount appropriated for such purposes by the Legislature. While this Court in that case felt that there was a moral obligation on the part of the State to pay these obligations, it also felt that it could not authorize an award of an illegal claim in view of the fact that the spending unit had violated Code 12-3-17 in incurring liabilities in excess of the then current appropriation.
We feel that the facts of this claim present a similar situation. When the 1973 Legislature failed to appropriate sufficient funds to effect the salary increases authorized by them, it was probably unwise for Commissioner Barber to place the raises into effect on July 1, 1973, but his action can be justified for as he indicated in his testimony, the Speaker of the House advised him that additional funds would be forthcoming from the 1974 Legislature in the form of a supplemental appropriation. As indicated earlier, these funds were not forthcoming and, consequently, when Commissioner Barber retained the services of this claimant and the other agency managers during May and June of 1974, when funds were not available, his action in that respect was unlawful as set forth in Code 12-3-17.
This decision to make no award shall be binding and control the disposition of the additional claims filed by other agency managers and those that may be filed in the future involving unpaid salaries for the months of May and June, 1974.
No award.